UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL,<br><br>       Plaintiff,<br><br>    vs.<br><br>TEHACHAPI STATE PRISON TRUST ACCOUNT OFFICE,<br><br>       Defendant. | 1:16-cv-01085-LJO-EPG-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION UNDER 28 U.S.C. § 1915(g), WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I. BACKGROUND

Tony Lee Hill ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 28, 2016, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III.   ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has found evidence on the Court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on July 28, 2016.[1] The first is case 2:99-cv-06406-ABC-CT (Hill v. Wallace, et al.) (CACD), which was dismissed on July 7, 1999, for failure to state a claim. The second is case 2:11-cv-08794-UA-CW (Hill v. Torrance Police Dept., et al.) (CACD), which was dismissed on July 20, 2012 for failure to state a claim. The third is case 2:13-cv-00805-UA-CW (Hill v. Horton, et al.) (EDCA), which was dismissed on February 28, 2013 for failure to state a claim.

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).[2] Therefore, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's application to proceed *in forma pauperis* shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

### IV.   CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action is DENIED;

---

[1] The Court has examined the orders dismissing the five cases and finds that they constitute "strikes" within the meaning of § 1915(g).

[2] The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Plaintiff alleges in the Complaint that he was given a copy of his prison trust account statement which was altered and did not show his correct deposits and withdrawals. Plaintiff claims that as a result, he suffered mental anxiety. The Court expresses no opinion on the merits of Plaintiff's claims.

2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 29, 2016**       **/s/ Lawrence J. O'Neill**
                              UNITED STATES CHIEF DISTRICT JUDGE